Willie HUTCHINS, Movant,

v.

STATE of Missouri, Respondent.

No. 44844.

Missouri Court of Appeals,
Eastern District,
Division Three.

Aug. 4, 1982.

Mark G. McMahon, Clayton, for movant.

John Ashcroft, Atty. Gen., Kristie Green, Asst. Atty. Gen., Jefferson City, George A. Peach, Circuit Atty., St. Louis, for respondent.

REINHARD, Presiding Judge.

Movant appeals from the denial of his 27.26 motion, after an evidentiary hearing.

On June 3, 1980, movant pleaded guilty to robbery first degree and was sentenced to fifteen years with the Department of Corrections. On August 14, 1980, he pleaded guilty to first degree assault and stealing a firearm and was sentenced to fifteen years on each charge, the sentences to run concurrent to the robbery sentence.

He filed this 27.26 motion alleging his pleas of guilty to all of these charges were involuntary. An evidentiary hearing was held at which movant and his wife testified. The trial court filed findings of fact and conclusions of law and denied the motion.

We have examined the record and conclude that the trial court's findings and conclusions are not clearly erroneous. Neither does an error of law appear. An extended opinion would have no precedential value. The judgment is affirmed in accordance with Rule 84.16(b).

SNYDER and CRIST, JJ., concur.

Carl Anthony TERRY, Movant-Appellant,

v.

STATE of Missouri,
Respondent-Respondent.

No. 44140.

Missouri Court of Appeals,
Eastern District,
Division Three.

Aug. 4, 1982.

Leonard W. Buckley, Jr., St. Louis, for movant-appellant.

John Ashcroft, Kristie Green, Jefferson City, George Peach, Circuit Atty., St. Louis, for respondent-respondent.

CRIST, Judge.

Appeal from the order denying Rule 27.26 motion following an evidentiary hearing. We affirm.

Movant's sole point on appeal alleges the trial court failed to "address" all issues raised in movant's four pending Rule 27.26 motions. The record reveals the trial court meticulously dealt with each of movant's allegations. As to those complained of, the trial court specifically found as a matter of fact that movant failed to present any evidence in support of those issues. The trial court therefore concluded as a matter of law movant failed to sustain his burden of proof on those and all other issues raised. The trial court's findings are not clearly erroneous and no error of law appears. An extended opinion would have no precedential value. Rule 84.16(b).

Affirmed.

REINHARD, P.J., and SNYDER, J., concur.